

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOREX, INC.,<br><br>Defendant. | CIVIL ACTION NO: 1:11-cv-06203<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Young B. Kim |

[PROPOSED] CONSENT ORDER FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF AND PENALTIES AGAINST
DEFENDANT INTERFOREX, INC.

I. BACKGROUND

On September 7, 2011, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") against Defendant InterForex, Inc. ("InterForex" or "Defendant") seeking injunctive and other equitable relief and penalties for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. § 1 *et seq.*, as amended by the Food, Conservation and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.*

## II. CONSENTS AND AGREEMENTS

To effect settlement of the charges alleged in the Complaint against Defendant InterForex, without a trial on the merits or any further judicial proceedings, InterForex, by and through its attorney of record:

1. Consents to entry of this Consent Order for Permanent Injunction and Other Equitable Relief and Penalties Against Defendant InterForex ("Consent Order");

2. Affirms that InterForex's consent to entry of this Consent Order is voluntary, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent, or representative thereof, or by any other person, to induce it to consent to entry of this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over it and the subject matter of this action pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder;

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2)(C)(iii)(I)(aa) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) (2006 and Supp. III 2009);

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1(e);

    7.    Waives:

        A.    any and all claims that InterForex may possess under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or the rules promulgated by the Commission in conformity therewith, relating to, or arising from, this action;

        B.    any and all claims that InterForex may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

        C.    any and all claims of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of this Consent Order or any order imposing restitution, a civil monetary penalty, or any other relief; and

        D.    any and all rights of appeal from this action;

    8.    Consents to the continued jurisdiction of this Court over it for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if InterForex now or in the future resides outside the jurisdiction of this Court;

    9.    Agrees that it will not oppose enforcement of this Consent Order on the ground that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

    10.    Agrees that neither InterForex nor any of its agents or employees under its authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect InterForex's: (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party. InterForex shall take all steps necessary to ensure that

all of its agents and employees under its authority or control understand and comply with this agreement;

11. By consenting to the entry of this Consent Order, neither admits nor denies the allegations of the Complaint or the Findings of Fact and Conclusions of Law in this Consent Order, except as to jurisdiction and venue, which it admits. Further, InterForex agrees and intends that the allegations of the Complaint shall be taken as true and correct and be given preclusive effect, without further proof, in the course of (a) any current or subsequent bankruptcy proceeding filed by, or on behalf of, or against the Defendant; (b) any proceeding pursuant to Section 8a of the Act, to be codified at 7 U.S.C. §§ 12a, and/or Part 3 of the Regulations, 17 C.F.R. §§ 3.1 *et seq.*; and (c) any proceedings to enforce the terms of this Consent Order;

12. Agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 35 of Part VII of this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against it, whether inside or outside the United States; and

13. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against InterForex in any other proceeding.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

14. The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction and other equitable relief pursuant to Section 6c of the Act, as amended, to be codified at

4

7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, 7 U.S.C. § 2(c)(2) (2006 and Supp. III 2009), as set forth herein.

A. **Findings of Fact**

15. Plaintiff **Commodity Futures Trading Commission** is an independent federal regulatory agency charged by Congress with administering and enforcing the Act, as amended, to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Regulations, 17 C.F.R. §§ 1.1 *et seq.* (2011).

16. Defendant **InterForex, Inc.** is a British Virgin Islands company located at Third Floor, P.O. Box 875, Qwomar Trading Building, Road Town, Tortola, British Virgin Islands VG1110. InterForex has never been registered with the Commission in any capacity.

17. On October 18, 2010, the Commission adopted new regulations implementing certain provisions of the Dodd-Frank Act and the CRA. For the purpose of forex transactions, the new regulations, among other things, require retail foreign exchange dealers ("RFEDs") to register with the Commission before soliciting or accepting orders from a non-Eligible Contract Participant ("ECP").

18. During the relevant period, InterForex solicited orders from United States customers who were not ECPs, to open leveraged forex trading accounts through its website, www.interforex.net. Customers were instructed to open an account with InterForex by submitting information online through InterForex's website, or emailing the company at newaccounts@interforex.net, or by completing account opening documents supplied to them by a "Referring Agent" or an "Introducing Broker."

19. During the relevant period, InterForex held itself out to the public as an RFED by stating in the Client Agreement found on its website, that "InterForex is acting as a counterparty

5

in these transactions and, therefore, acts as the buyer when you sell and the seller when you buy."

20. During the relevant period, InterForex's website failed to inquire whether its customers were "eligible contract participants" and, in fact, appeared to allow individual customers who do not have total assets of $5 million to open accounts. Under the "estimated annual income" fill-in section, it states, "if your annual income is less than $25,000, please review the "High Risk Investment Notice" on page 12." The "Net Worth" fill-in section includes options to check boxes with a net worth under $25,000, $25,000- $49,999, $50,000- $99,999- $100,000- $249,999, $250,000- $1,000,000, and over $1,000,000. Under the net worth fill-in section, it states, "If your net worth is less than $50,000, please review the "High Risk Investment Notice" on page 12."

21. During the relevant period, InterForex's website did not impede United States residents from applying for forex accounts. In fact, the website included a drop-down menu where the customer could select country of residence. This drop-down menu included the United States. However, during the relevant period, InterForex did not accept orders from any United States customers. In fact, the application of one or more United States residents who attempted to open an account with InterForex during the relevant period was rejected because the customer was a United States resident. During the relevant time period, InterForex did not maintain any account of United States residents.

6

### B. Conclusions of Law

#### 1. Jurisdiction & Venue

22. This Court has jurisdiction over InterForex and the subject matter of this action pursuant to Section 6c(a) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1(a), which provides that whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder, the Commission may bring an action in the proper district court of the United States against such person to enjoin such act or practice, or to enforce compliance with the Act, or any rule, regulation or order thereunder.

23. The Commission has jurisdiction over the forex solicitations at issue in this action pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (2006 and Supp. III 2009).

24. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1(e), because InterForex transacts business in this District and certain transactions, acts, practices, and courses of business alleged in the Complaint occurred, are occurring, or are about to occur within this District. Furthermore, an alien may be sued in any judicial district. 28 U.S.C. § 1391(d) (2006).

#### 2. Defendant InterForex's Violated Section 2(c)(2)(C) of the Act: Failure to Register

25. With certain exceptions and exemptions that are not applicable here, Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (2006 and Supp. III 2009), among other things, requires registration with the Commission for agreements, contracts or transactions in forex that is offered to, or entered into with, a non-eligible contract participants ("ECPs") on a leveraged or margined basis.

7

26. By (1) soliciting United States customers through its website, www.interforex.net, (2) to open a variety of leveraged forex trading accounts, (3) from persons who were not ECPs, as defined in Section 1a of the Act, as amended, to be codified at 7 U.S.C. § 1a, (4) while not qualifying for an exemption from registration, InterForex has violated Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (2006 and Supp. III 2009).

### 3. InterForex Violated Commission Regulation 5.3(a)(6)(i): Failure to Register as an RFED

27. With certain exceptions and exemptions that are not applicable here, Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) requires RFEDs to register with the Commission. Regulation 5.1(h)(1), 17 C.F.R. § 5.1(h)(1) (2011) defines an RFED as "any person that is, or that offers to be, the counterparty to a retail forex transaction, . . . "

28. During the relevant period, InterForex offered to act as the counterparty to retail forex transactions with customers located in the United States without the benefit of registering as an RFED in violation of Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011).

### F. Permanent Injunctive and Other Equitable Relief and Penalties Under the Act Are Warranted

29. InterForex has engaged, is engaging, or is about to engage in acts and practices that violate Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (2006 and Supp. III 2009), and Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011). Unless restrained and enjoined by this Court, there is a reasonable likelihood that InterForex will continue to engage in the acts and practices alleged in the Complaint or in similar acts and practices that violate the Act and Regulations. Furthermore, the nature of InterForex's violations and the need to deter others from committing similar violations of the Act and Regulations warrants the imposition of ancillary equitable relief to carry out the objectives of the Act and Regulations.

## IV. PERMANENT INJUNCTION

**THE PARTIES AGREE AND IT IS HEREBY ORDERED THAT:**

30. InterForex, all persons insofar as they are acting in the capacity of InterForex's officers, agents, servants, employees, and attorneys, and all persons insofar as they are acting in active concert or participation with InterForex who receive actual notice of this Consent Order by personal service or otherwise, are permanently restrained, enjoined, and prohibited from directly or indirectly:

    A. Engaging in any conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) (2006 and Supp. III 2009), including, but not limited to, soliciting or accepting orders from any United States customer or potential United States customer who is a non-ECP in connection with forex transactions without registering with the Commission; and

    B. Engaging in any conduct in violation of Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011), including, but not limited to, offering to be the counterparty to United States customers' forex transactions without registering with the Commission.

## V. INTERFOREX WEBSITE

**IT IS FURTHER ORDERED THAT:**

31. InterForex and all persons insofar as they are acting in the capacity of InterForex's officers, agents, servants, employees, and attorneys shall within three days of the date of entry of this Consent Order publish on all websites owned or otherwise maintained by InterForex, including, but not limited to, http://www.interforex.net, a prominently displayed notice stating, "Please be advised, the services and products offered by InterForex, Inc. are not being offered within the United States and are not offered to U.S. residents or citizens. InterForex, Inc. is not registered with any U.S. regulator, including the National Futures Association ("NFA") and the Commodity Futures Trading Commission ("CFTC")" ("Website Notification").

9

32. InterForex, all persons insofar as they are acting in the capacity of InterForex's officers, agents, servants, employees, and attorneys, and all persons insofar as they are acting in active concert or participation with InterForex who receive actual notice of this Consent Order by personal service or otherwise, are permanently restrained, enjoined, and prohibited from directly or indirectly contradicting, in any manner whatsoever, the Website Notification.

33. The provisions contained in Part V of this Consent Order shall remain in effect unless and until InterForex properly registers with the Commission.

## VI. CERTIFICATION OF COMPLIANCE

IT IS FURTHER ORDERED THAT:

34. Within twenty days of the date of entry of this Consent Order, InterForex shall deliver to the Commission in the manner required by Part VII of this Consent Order a written certification that it has complied with the requirements contained in Part V of this Consent Order. Such certification shall further include:

    A. A list of all websites on which the Website Notification has been published; and

    B. A copy of all websites showing the Website Notification;

## VII. NOTICES

IT IS FURTHER ORDERED THAT:

35. All notices required to be given by this Consent Order shall be filed electronically with the Court and/or sent via certified mail, return receipt requested, as follows:

Notice to Plaintiff Commission:

    Director of the Division of Enforcement
    Commodity Futures Trading Commission
    Three Lafayette Centre
    1155 21st Street NW
    Washington, D.C. 20581

and

Jennifer S. Diamond
Senior Trial Attorney
Division of Enforcement
Commodity Futures Trading Commission
525 W. Monroe St.
Suite 1100
Chicago, IL 60661

Notice to Defendant InterForex:

Felix Shipkevich
Counsel for InterForex Inc.
Shipkevich Law Firm, PLLC
483 Broadway
Fifth Floor
New York, NY 10013
fs@shipkevichlaw.com

All such notices to the Commission shall reference the name and docket number of this action.

36. Change of Address/Phone: Until such time as Defendant satisfies its obligations as set forth in this Consent Order, Defendant shall provide written notice to the Commission by certified mail of any change to its telephone number and mailing address within ten (10) calendar days of the change.

## VIII. CONTINUING JURISDICTION OF THIS COURT

**IT IS FURTHER ORDERED THAT:**

37. This Court shall retain jurisdiction over this action to implement and carry out the terms of this Consent Order, to ensure compliance with this Consent Order, and for any other purpose relevant to this action.

11

## IX. MISCELLANEOUS PROVISIONS

**IT IS FURTHER ORDERED THAT:**

### A. Entire Agreement and Amendments

38. This Consent Order incorporates all of the terms and conditions of the settlement between the Commission and InterForex. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless it is: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

### B. Invalidation

39. If any provision of this Consent Order or the application of any provision to any person or circumstance is held to be invalid, the remainder of the Consent Order and the application of the provision to any other person or circumstance shall not be affected by such holding.

### C. Waiver

40. The failure of any party hereto at any time to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

### D. Counterparts and Execution

41. This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile, email, or

otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by facsimile or email shall be deemed for all purposes as constituting good and valid execution and delivered by such party of this Consent Order.

E. **Authorization**

42. Rodrigo Benadon hereby warrants that he is the Director and sole shareholder of InterForex, that this Consent Order has been duly authorized by InterForex, and that he has been duly empowered to sign and submit this Consent Order on behalf of InterForex.

**IT IS SO ORDERED.**

Date: Feb 2, 2012

Rebecca R. Pallmeyer
United States District Judge
Northern District of Illinois

CONSENTED TO AND APPROVED BY:

Date: December 18th, 2011

Rodrigo Benadon on behalf of InterForex, Inc.

Date: February 1, 2012

Jennifer S. Diamond
Senior Trial Attorney, Counsel for Plaintiff
Commodity Futures Trading Commission
525 W. Monroe St., Suite 1100
Chicago, IL 60661

APPROVED AS TO FORM:

Date: December 19, 2011

Felix Shipkevich
Counsel for InterForex Inc.
Shipkevich Law Firm, PLLC
483 Broadway, Fifth Floor
New York, NY 10013

13